Dear Mr. Hicks,
Your request for an Attorney General Opinion has been forwarded to me for research and reply. You asked the following question:
 Whether a person arrested on an outstanding warrant must be booked into jail prior to disposing of the charge before a judge?
La. C.Cr.P. art. 228 (A) provides: "It is the duty of every peace officer making an arrest, or having an arrested person in his custody, promptly to conduct the person arrested to the nearest jail or police station and cause him to be booked." The procedure is the same, regardless of whether the charge underlying the arrest is a misdemeanor or a felony.
Further, the Official Revision Comment (d) to art. 228 states as follows: "The peace officer who fails to book his prisoner promptly, as required by this article, . . . will be guilty of malfeasance in office under R.S. 14:134." As such, a law enforcement officer who does not book an arrestee promptly is himself liable for a felony charge. The Official Revision Comment, while not binding itself, suggests the proper interpretation of that codal article.
Moreover, in State v. Nelson, 467 So.2d 1151 (La.Ct.App. 2d Cir., 1985), writ denied, 474 So.2d 945 (La. 1985), the Second Circuit Court of Appeal stated the purpose of the booking procedure as follows:
 Article 228 mandates that an arrested person be promptly booked. Thus, the person arrested is protected by the booking because the arrest triggers several important safeguards for the protection of the accused. See L.S.A.-C.Cr.P. Arts. 229 — 230.1 and 232. Thus, an important purpose served by the booking log is to protect persons arrested upon insufficient evidence against being secreted and held by arresting authorities without due process of law.
Id. at 1159.
Additionally the appellate court stated:
 Through this article, the Legislature has provided a means by which the public is informed of the names of the persons who are detained in custody. Thus, the book is a bastion for the protection of the citizen against unjust arrest and sequestration by the sovereign.
Id. at 1158.
Thus, it is the opinion of this office, based upon the relevant jurisprudence and statute, that each person arrested by a peace officer must be booked in accordance with La. C.Cr.P. art. 228
(West 1994) prior to being brought before a judge for disposition of his charge on the outstanding warrant. There is no authority to support a conclusion that prison overcrowding would ever alleviate a defendant's right to the art. 228 booking requirement, even if the outstanding charge is a misdemeanor offense.
I hope that this opinion has sufficiently answered your question. If this office may be of any further assistance, please do not hesitate to contact us again.
Sincerely,
 RICHARD P. IEYOUB Attorney General
BY: KATHLEEN E. PETERSEN Assistant Attorney General RPI/KEP:ckj